**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 22, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JACOB BELLINSKY,

     Plaintiff - Appellant,

v.

RACHEL ZINNA GALAN,
individually; STEVEN JAMES
LAZAR, individually; ANDREW
NEWTON HART, individually;
TERRI MEREDITH, individually;
RYAN LOEWER, individually;
BRYCE DAVID ALLEN,
individually; JEFFREY RALPH
PILKINGTON, individually; BRIAN
D. BOATRIGHT, individually;
STATE OF COLORADO,
corporately,

     Defendants - Appellees.

_____

JACOB BELLINSKY,

     Plaintiff - Appellant,

v.

RACHEL ZINNA GALAN,
individually; STEVEN JAMES
LAZAR, individually; ANDREW
NEWTON HART, individually;
JOHN EVAN KELLNER,
individually; EVA ELAINE
WILSON, individually; RAIF
EDWIN TAYLOR, individually;
GINA PARKER, individually;

No. 24-1351
(D.C. No. 1:23-CV-03163-PAB-
STV)
(D. Colo.)

No. 24-1352
(D.C. No. 1:23-CV-03461-PAB)
(D. Colo.)

GARY MICHAEL KRAMER,
individually; PALMER L.
BOYETTE, individually; THERESA
MICHELLE SLADE, individually;
MICHELLE ANN AMICO,
individually; BRIAN DALE
BOATRIGHT, individually; STATE
OF COLORADO, corporately,

     Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BACHARACH**, and **FEDERICO**, Circuit Judges.
_____

Rabbi Jacob Bellinsky appeals from the dismissals of two actions.

We reverse and remand for further proceedings.

*Procedural Background*

Rabbi Bellinsky and his wife, Ms. Rachel Galan, had eight children.

The couple divorced, and Rabbi Bellinsky allegedly obtained custody of

six of the children. But Ms. Galan and her attorney (Mr. Andrew Hart)

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

later filed a domestic relations case in Gilpin County, Colorado, to alter custody.

In 2022, two criminal cases were filed against Rabbi Bellinsky in the District Court of Elbert County, Colorado. One of the cases went to trial, and Rabbi Bellinsky was convicted of violating a protection order. The other criminal case was dismissed.

*The Federal Claims*

In late 2023, Rabbi Bellinsky filed two federal court actions for money damages, asserting claims under

- 42 U.S.C. §§ 1981, 1983, 1985, and 1986 and

- Colorado law.

Rabbi Bellinsky brought the first action, Civil Action No. 23-CV-3163, against Ms. Galan, her fiancé (Mr. Steven Lazar), her attorney (Mr. Hart), the Gilpin County Clerk, three Colorado state court judges, and the State of Colorado. In this action, Rabbi Bellinsky alleged that

- Ms. Galan, Mr. Lazar, and Mr. Hart had conspired "to kidnap the [couple's] minor children from [Rabbi Bellinsky's] primary care under 'color' of 'family law,'" Case No. 24-1351, R. vol. 1 at 14, and

- Mr. Hart had "orchestrat[ed] an enormous 'color of law' 'crime spree' against [Rabbi Bellinsky] and his children" in order to "destroy [Rabbi Bellinsky's] family for profit," "kidnap [the] six . . . minor children . . . from his near-full-time care," "forever sever [Rabbi Bellinsky's] loving bonds with" all eight children, "enslave [Rabbi Bellinsky] . . . in [Mr. Hart's] child support and maintenance rackets," "criminalize [Rabbi Bellinsky] as the 'defendant' of ongoing false

3

accusations and forever enslave him in the criminal justice system," and "cover up their crimes against [Rabbi Bellinsky] and his family," *Id.* at 14–15.

According to the complaint, the state judge and the court clerk aided Mr. Hart while the two other judges did nothing to stop the scheme.

Rabbi Bellinsky brought the second action, Civil Action No. 23-CV-3461, against Ms. Galan; Mr. Lazar; Mr. Hart; one of the state court judges named in the first action; the State of Colorado; the clerk of the court for Elbert County, Colorado; and three prosecutors and four judges involved in the criminal proceedings. In this action, Rabbi Bellinsky claimed that

- Mr. Hart had instructed Ms. Galan and Mr. Lazar "to fraudulently pursue and obtain a void protection order in Elbert County," Case No. 24-1352, R. at 19–20,

- the judges had issued fraudulent orders, and

- Mr. Hart had instructed Ms. Galan to falsely report violations of those orders.

According to the complaint, those reports

- resulted in false charges against Rabbi Bellinsky and his imprisonment and

- led to weaponization of the judges and prosecutors to pursue "known-false charges in known-void cases under 'color' of law," *id.* at 27.

The defendants moved (1) to dismiss the complaints and (2) stay discovery in both cases pending the resolution of the motions to dismiss. The magistrate judge granted the motions to stay discovery and recommended abstention under *Younger v. Harris*, 401 U.S. 37 (1971), to

4

the extent the state domestic relations case or the state criminal proceedings remained pending. To the extent that these cases had ended, the magistrate judge recommended dismissal on the ground that the district court would lack jurisdiction under the *Rooker-Feldman* doctrine. *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). Rabbi Bellinsky objected to these recommendations.

He also objected to the stay, arguing that the magistrate judge should have addressed whether the Office of the Attorney General for the State of Colorado could represent individual state employees (who had been sued only in their individual capacities). In addition, Rabbi Bellinsky moved for recusal of the magistrate judge and the district judge. The district judge overruled Rabbi Bellinsky's objections to the stay and denied his motion for recusal.

On the issue of abstention, the district judge overruled Rabbi Bellinsky's objections to the magistrate judge's recommendations, concluding that both the domestic relations case and one of the criminal cases had been pending in Colorado when Rabbi Bellinsky filed the federal cases.[1] The district court thus concluded that

---

[1]     The district court took judicial notice of the state-court docket in both cases, noting that "[t]he state court docket" for *People v. Bellinsky*, No. 2022M143 (Colo. Dist. Ct. 2022) "show[ed] that Rabbi Bellinsky's [criminal] trial took place" from "January 2 to January 4, 2024," that

- both were "the type of cases that *Younger* abstention encompasses," Case No. 24-1352, R. at 971–72,

- there was "no reason why Rabbi Bellinsky's federal claims could not be given fully adequate consideration in the state courts," *Id.* at 975 (internal quotation marks omitted), and

- both state cases implicated important state interests.

The district judge thus agreed with the magistrate judge on the need to abstain under *Younger, id.* at 978; Case No. 23-1351, R. vol. 2 at 137, and concluded that the *Rooker-Feldman* doctrine

- did not apply to Rabbi Bellinsky's first federal case because that case implicated only the domestic relations case, which was ongoing when Rabbi Bellinsky filed the first case and

- did apply to Rabbi Bellinsky's second federal case to the extent that any of the claims in that case had implicated state-court judgments that became final.

Based on these conclusions, the district judge granted the motions to dismiss.

*Recusal*

We first address the denial of Rabbi Bellinsky's motion to recuse. He argued that both the district judge and the magistrate judge had "aid[ed] the Defendants in their ongoing 'Relocation Crime Spree,'" "intentionally

---

"Rabbi Bellinsky [had been] sentenced on April 8, 2024, and that Rabbi Bellinsky [had] filed an appeal on April 15, 2024." Case No. 24-1352, R. at 973. The district court further noted that "the state court docket" in the domestic relations case had shown three orders granting motions to relocate the minor children and modify the decision-making and parenting plan. *Id.*

6

neglected their duties to [Rabbi Bellinsky's] suffering family for over six months in obvious aid to the Defendants/suspects," violated federal criminal law by concealing their knowledge of "felony" and "treason," and failed to take any action on Rabbi Bellinsky's demands for a special grand jury investigation into defendants' conduct. Case No. 24-1351, R. vol. 2 at 25–26; *see* p. 3, above. But the district court concluded that Rabbi Bellinsky had not shown a need to recuse.

On the issue of recusal, we apply the abuse-of-discretion standard. *See Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1239 (10th Cir. 2020). District judges and magistrate judges must recuse whenever their impartiality might reasonably be questioned. *Id.* So "we ask whether a reasonable person, fully informed of the relevant facts, would question the judge's impartiality." *Id.* (internal quotation marks omitted). The statutory standard is objective, and the inquiry involves outward manifestations and reasonable inferences. *United States v. Woodmore*, 135 F.4th 861, 874 (10th Cir. 2025). Under the objective test, the court considers whether a reasonable factual basis exists for questioning the judges' impartiality. *Id.*

We conclude that the district judge did not abuse his discretion in denying Rabbi Bellinsky's motion. Nothing in the record suggests that the judges were helping the defendants or concealing their misconduct. To the contrary, Rabbi Bellinsky was complaining about the manner in which the

7

judges were handling the cases. These complaints didn't require recusal because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

*Representation of Individual Defendants*

Rabbi Bellinsky also argues that the Office of the Attorney General for the State of Colorado couldn't represent the state employees when sued in their individual capacities. On this issue, we conduct de novo review of the district court's interpretation of state law. *Jordan v. Maxim Healthcare Servs., Inc.*, 950 F.3d 724, 730 (10th Cir. 2020).

We conclude that the district court did not err. Colorado law entitles state employees to representation by the Attorney General when sued in their individual capacities if the claim arises out of their official duties. Colo. Stat. Rev. § 24-31-101(m). Rabbi Bellinsky cites no authority that would call into question the applicability of this statute.

*Younger abstention* and the *Rooker-Feldman doctrine*

Rabbi Bellinsky also challenges the district court's rulings on the doctrines involving *Younger* and *Rooker-Feldman*. For these rulings, we conduct de novo review. *Miller v. Deutsche Bank Nat'l Tr. Co. (In re Miller)*, 666 F.3d 1255, 1260 (10th Cir. 2012) (discussing the *Rooker-Feldman* doctrine); *Brown ex rel. Brown v. Day*, 555 F.3d 882, 887 (10th Cir. 2009) (discussing *Younger* abstention).

8

The *Younger* doctrine "provides that a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in 'certain instances in which the prospect of undue interference with state proceedings counsels against federal relief.'" *Elna Sefcovic, LLC v. TEP Rocky Mtn., LLC*, 953 F.3d 660, 669-70 (10th Cir. 2020) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013)). Notably, the Supreme Court has limited the application of *Younger* to three categories of cases: (1) criminal prosecutions; (2) certain "civil enforcement proceedings;" and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 368 (1989). We refer to these as the "*Sprint* categories" because the Supreme Court's opinion in *Sprint* said that *Younger* abstention does not extend beyond these categories. *Sprint*, 571 U.S. at 78.

"If and only if the state court proceeding falls within one of the" *Sprint* categories "*may* courts analyze the propriety of abstention under the so-called *Middlesex* conditions." *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024); *see Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433–35 (1982). "Those conditions ask whether there is (1) an ongoing state judicial . . . proceeding, (2) the presence of an important state interest, and (3) an adequate opportunity to raise federal claims in the state

9

proceedings." *Travelers*, 98 F.4th at 1317 (internal quotation marks omitted).

"The *Rooker-Feldman* doctrine precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in federal court." *In re Miller*, 666 F.3d at 1261. "The doctrine is tied to Congress's decision to vest federal appellate jurisdiction over state court judgments exclusively in the United States Supreme Court." *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 514 (10th Cir. 2023). The doctrine applies only if the claim specifically seeks to modify or set aside a state-court judgment. *Id.* at 515.

Case No. 24-1351 is Rabbi Bellinsky's appeal from the district court's final judgment in the first federal action. As noted, the district court dismissed that entire action based on *Younger* abstention. This dismissal was erroneous.

The district court applied *Younger* abstention, relying on our unpublished opinion in *Morkel v. Davis*, 513 F. App'x 724 (10th Cir. 2013) (unpublished). The plaintiff in *Morkel* had sued under 42 U.S.C. §§ 1983 and 1985, alleging that "the judge, special master, and guardian ad litem . . . , along with two attorneys representing her former husband . . . , conspired to deprive her of her constitutional rights in a Utah divorce and child custody case." *Id.* at 726. The district court in *Morkel* determined that "application of the *Rooker-Feldman* and *Younger* doctrines [had]

10

prevented [it] from exercising subject-matter jurisdiction over the claims." *Id.* We concluded on appeal that the *Rooker-Feldman* doctrine did not apply because "the state-court proceedings were ongoing when [the plaintiff] brought suit in federal court." *Id.* at 727. But we agreed that *Younger* abstention applied. In doing so, we referred to the *Middlesex* conditions and stated "that federal district courts must abstain from exercising jurisdiction when three conditions are satisfied: (1) there are ongoing state proceedings; (2) the state court offers an adequate forum to hear the plaintiff's claims from the federal lawsuit; and (3) the state proceeding involves important state interests." *Id.* So we concluded that all three *Younger* requirements "had been met." *Id.* With respect to the third of the requirements, we noted that "the resolution of child custody matters has been acknowledged as an important state interest." *Id.* at 729.

But "[t]he district court's reliance on *Morkel*" was misguided based on the Supreme Court's later opinion in *Sprint*. *Covington v. Humphries*, No. 24-1158, 2025 WL 1448661, at *5 n.10 (10th Cir. May 19, 2025) (unpublished). "After *Sprint*, *Younger* could still apply to a state domestic relations case, but only if the circumstances fall into a *Sprint* category." *Id.* And the district court in this case, like the district court in *Covington*, failed to consider whether the underlying domestic relations case had fallen into a *Sprint* category.

11

We therefore conclude that the district court erred by failing to determine whether the underlying domestic relations case had fallen into a *Sprint* category. If the case didn't fall into a *Sprint* category, the district court would need to consider the remaining arguments asserted in the defendants' motions to dismiss.

Case No. 24-1352 is Rabbi Bellinsky's appeal from the final judgment in the second federal action. The district court dismissed that action in part on the basis of *Younger* abstention and the *Rooker-Feldman* doctrine.

We conclude the district court erred in applying *Younger* abstention on the basis of the underlying domestic relations case. As in the first federal action, the district court failed to consider whether the circumstances of the underlying domestic relations case had fallen into a *Sprint* category.

The defendants also argue that if any of the state-court judgments, had become final, Mr. Bellinsky's claims would trigger the *Rooker-Feldman* doctrine. The district court agreed with the defendants, but we do not because (1) Rabbi Bellinsky wasn't subject to any adverse judgments in state court when he sued in federal court and (2) he isn't challenging the state-court judgments.

When Rabbi Bellinsky sued in federal court, proceedings were pending in the domestic relations case and the first state criminal case. The

12

only state case that had been completed was the second criminal case. But the state district court had dismissed that case before Rabbi Bellinsky sued in federal court. So there was no adverse judgment that had become final in state court.

In the federal complaint, Mr. Bellinsky sought money damages, but he did not seek to modify or set aside a state-court judgment. *See Nesses v. Shepard*, 68 F.3d 1003, 1004 (7th Cir. 1995) (concluding that a civil rights claim, which alleged a massive conspiracy between lawyers and judges, did not trigger the *Rooker-Feldman* doctrine because the plaintiff had sought damages based on corruption of the state judicial process (rather than modification or vacatur of a state-court judgment)); *see also Riehm Engelking*, 538 F.3d 952, 965 (8th Cir. 2008) (concluding that the *Rooker-Feldman* doctrine didn't apply because the parent sought redress for the loss of custody rather than relief from a judgment in an underlying domestic-relations case). The *Rooker-Feldman* doctrine thus does not apply.

*Disposition*

We reverse the judgments in both appeals and remand both cases to the district court for further proceedings consistent with this order.

We grant Rabbi Bellinsky's motions to proceed in forma pauperis on appeal.

We deny all of Rabbi Bellinsky's other motions.

Entered for the Court


Robert E. Bacharach
Circuit Judge